**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL E. MALONEY,**

                **Plaintiff,**                  **1:09-cv-1074**
                                                      **(GLS\GHL)**

        **v.**

**CSX TRANSPORTATION, INC.,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Moody, Strople Law Firm<br>P.O. Box 1138<br>500 Crawford Street<br>Suite 300<br>Portsmouth, VA 23705-1138 | RICHARD W. ZAHN, JR., ESQ. |
| Hacker, Murphy Law Firm<br>7 Airport Park Boulevard<br>Latham, NY 12110-0104 | THOMAS D. BUCHANAN, ESQ.<br>JAMES E. HACKER, ESQ. |
| **FOR THE DEFENDANT:** | |
| Hodgson, Russ Law Firm<br>677 Broadway<br>Suite 301<br>Albany, NY 12207-2884 | LAWRENCE R. BAILEY, JR.,<br>ESQ.<br>NOREEN D. GRIMMICK, ESQ. |

**Gary L. Sharpe**
**District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Michael E. Maloney brought this action against his employer, CSX Transportation, Inc., under the Federal Employers' Liability Act (FELA)[1] alleging CSX's liability for injuries he sustained to his right and left hip and his cervical spine during the course of his employment. (Compl., Dkt. No. 1.) Pending is CSX's motion to dismiss. (Dkt. No. 6.) For the reasons that follow, the motion is denied.

## II. Background

### A. Facts

In March 1975, Maloney began his employment with Penn Central Railroad as a carman. (*See* Compl. ¶ 11, Dkt. No. 1:4.) Penn Central later merged into Consolidated Rail (Conrail), which CSX subsequently acquired. (*See id.*) As a carman, Maloney served in a variety of positions, including departure yard inspector and repairman, shop repairman, and shop supervisor. (*See id.*) Pursuant to his duties, Maloney inspected railcars and frequently worked on concrete floors and road ballast. (*See id.* at ¶ 13.)

---

[1] 45 U.S.C. § 51, *et seq.*

According to Maloney, his employment exposed him to "harmful repetitive motion, cumulative trauma, awkward work postures, vibration, temperature extremes and other harmful conditions resulting from the railroad's equipment, work policies and procedures." (*Id.*)  As a result, Maloney alleges that he suffers from repetitive injuries to his hips and neck which have harmed the quality of his life, have required surgery, and may permanently affect his health.  (*See id.* at ¶¶ 14-15.)

**B.     Procedural History**

On July 14, 2008, Maloney filed an action against CSX in the Circuit Court for the City of Portsmouth, Virginia.  (*See* Dkt. No. 1:5.)  On August 3, 2009, the action was dismissed without prejudice based on concerns of inconvenience.  (*See id.*)  However, as a condition of dismissal, Maloney was given sixty days to file suit in the United States District Court for the Northern District of New York, during which time the statute of limitations would be tolled.  (*See id.*)  In addition, the August 3, 2009 Order stipulated that the effective date for limitations purposes would remain the date Maloney filed his original complaint, July 14, 2008.  (*See id.*)

On September 22, 2009, Maloney commenced the present action in this court under FELA, claiming that CSX, among other things, negligently

3

failed to provide Maloney with a reasonably safe place to work, failed to warn of and protect him from known or foreseeable dangers, failed to provide him with adequate training, education, and equipment, failed to develop proper procedures for performing his work or controls necessary to limit exposure to dangerous conditions, failed to monitor his and other employees' medical conditions, failed to inspect work areas, and "expos[ed] him to foreseeably dangerous levels of repetitive motion, awkward postures, high forces, vibration, heat and cold and other work place dangers."  (Compl. ¶ 18, Dkt. No. 1:4.)  Specific to CSX's failure to educate and monitor, Maloney claims that CSX was aware of the need to screen and monitor his exposure to harmful work conditions and failed to either perform such screening and monitoring or educate and warn Maloney about the occupational risks associated with musculoskeletal disorders.  (*See id.* at ¶¶ 19-21.)  And consequent to CSX's alleged breach and causal role, Maloney seeks damages for lost wages, medical expenses, and pain, suffering, disfigurement, and mental anguish.  (*See id.* at ¶ 16.)  On October 13, 2009, CSX moved to dismiss Maloney's claim, or in the alternative, to strike certain allegations contained in the complaint.  (*See* Dkt. No. 6.)

4

### III. Standard of Review

The standard of review under FED. R. CIV. P. 12(b)(6) is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL 4238708, at *2 (N.D.N.Y. Sept. 8, 2008).

### IV. Discussion

CSX argues that Maloney's claim for relief is not "plausible" and that his complaint fails to set forth anything beyond legal conclusions and speculation. (*See* Def. Mem. of Law at 5, Dkt. No. 6:7.) In particular, CSX contends that Maloney does not articulate any facts as to the accrual of his claim, that Maloney previously executed two releases on the claim asserted here, and that the releases also expose the untimeliness of his claim. (*See id.* at 6, 9-10.) Maloney's response is that CSX's reliance on evidence of past releases is inappropriate at this stage, that the 2007 release is invalid, and that regardless, he is seeking relief for separate and distinct injuries. (*See* Pl. Resp. Mem. of Law at 1, 3-5, Dkt. No. 11.)

#### A.  Evidence of Prior Release

In ruling on a motion to dismiss, "the district court must limit itself to a

5

consideration of the facts alleged on the face of the complaint and to any documents attached as exhibits or incorporated by reference." *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989) (citations omitted). Still, a document that is not incorporated by reference may nevertheless be considered "where the complaint relies heavily upon its terms and effects, which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citation omitted). And while the purpose of this restriction is to provide the plaintiff with notice of and an opportunity to respond to the documents being considered, *see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough," *Chambers*, 282 F.3d at 153.

Ultimately, where material outside the complaint is presented in support of a Rule 12(b)(6) motion, the court has two options: "the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under FED. R. CIV. P. 56 and afford all parties the opportunity to present

supporting material." *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988) (citations omitted); *see also* FED. R. CIV. P. 12(d). However, "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Cortec*, 949 F.2d at 48.

Here, in supplement to its motion, CSX offers two documents extrinsic to Maloney's pleadings. The first is a release agreement purportedly entered into by Maloney and Conrail on October 5, 1995. (*See* Grimmick Aff., Ex. 3, Dkt. No. 6:5.) The second document is a settlement and release agreement between Maloney and CSX, which was signed on December 14, 2007. (*See* Grimmick Aff., Ex. 2, Dkt. No. 6:4.) However, although Maloney as a signatory was likely on notice of these release agreements prior to CSX's motion, the complaint is devoid of any reference to or reliance on them.[2]

---

[2] CSX also submits a pair of documents relating to an action apparently brought in the Circuit Court of Hancock County, West Virginia, sometime between 1998 and 2002. (*See* Grimmick Aff., Ex. 4, Dkt. No. 6:6; *see also* Def. Mem. of Law at 9-10, Dkt. No. 6:7.) One document is a stipulation of voluntary dismissal to which Maloney was a party and the other is the ensuing order of dismissal. Putting aside the fact that these documents are silent as to the underlying cause of action, the court need only reassert its conclusion that these documents are subject to exclusion since Maloney does not rely on or refer to them in his complaint.

7

Therefore, while these documents may eventually have a decisive impact on the proceedings, the court will neither consider them nor evaluate their validity or applicability in the current context. And as we are in the preliminary throes of litigation, such that the parties have not yet engaged in any discovery, and because CSX stresses that it is not seeking a Rule 56 conversion, (*see* Def. Reply Mem. of Law at 1, 5, Dkt. No. 12), the court is unwilling to convert CSX's motion to dismiss into one for summary judgment.

## B.  **FELA and Claim Plausibility**

FELA is a broad remedial statute that must be construed liberally in order to effectuate its purposes. *See Marchica v. Long Island R.R. Co.*, 31 F.3d 1197, 1202 (2d Cir. 1994). Under FELA, a railroad engaged in interstate commerce is liable to "any person suffering injury while he is employed by [the railroad] ... for such injury ... resulting in whole or in part from the negligence of any of [its] officers, agents, or employees." 45 U.S.C. § 51. The Second Circuit "construes the statute, in light of its broad remedial nature, as creating a relaxed standard for negligence as well as causation." *Williams v. Long Island R.R. Co.*, 196 F.3d 402, 406 (2d Cir. 1999) (internal quotation marks and citation omitted). However, "FELA is

8

not a strict liability statute, and the fact that an employee is injured is not proof of negligence." *Id.* (internal quotation marks and citations omitted). "FELA does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur." *Capriotti v. Consol. Rail Corp.*, 878 F. Supp. 429, 431 (N.D.N.Y. 1995) (internal quotation marks and citation omitted).

"[T]he traditional common law negligence elements of duty, breach, causation and damages are still applicable." *Id.* (citation omitted). FELA requires an employer "to provide its employees with a reasonably safe place to work and this includes the duty to maintain and inspect work areas." *Sinclair v. Long Island R.R.*, 985 F.2d 74, 76 (2d Cir. 1993) (citations omitted). "An employer breaches its duty to provide a safe workplace when it knows or should know of a potential hazard in the workplace, yet fails to exercise reasonable care to inform and protect its employees." *Gallose v. Long Island R.R. Co.*, 878 F.2d 80, 84-85 (2d Cir.1989) (citations omitted); *see also Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 87 (2d Cir. 2006). Causation is established if the employer's "negligence played any part, even the slightest, in producing the injury ...

9

for which damages are sought." *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506 (1957); *see also Marchica*, 31 F.3d at 1207 ("[T]he traditional concept of proximate cause is supplanted by the less stringent standard that there be some causal relation, no matter how slight, between the injury and the railroad's breach of duty." (citation omitted)).  Lastly, "reasonable foreseeability of harm is an essential ingredient of [FELA] negligence." *Gallick v. Balt. & Ohio R.R. Co.*, 372 U.S. 108, 117 (1963) (citations omitted).

Contrary to CSX's contentions, Maloney has satisfied the "flexible 'plausibility standard'" for pleading facts and a right to relief. *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2009), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009).  Specifically, Maloney alleges that during his employment with CSX he endured "harmful repetitive motion, cumulative trauma, awkward work postures, vibration, temperature extremes and other harmful conditions," which caused him to sustain significant physical injuries and related damages.  (Compl. ¶¶ 13-16, Dkt. No. 1:4.)  He further alleges that CSX breached its duty to provide a reasonably safe workplace by failing to provide safe equipment, adequate training, and appropriate safeguards, procedures, warnings, and

oversight.  (*See id.* at ¶¶ 6, 18.)  And according to Maloney, CSX knew or should have known of the dangers created by its breach of duty and that the injuries Maloney suffered as a result were foreseeable.  (*See id.* at ¶¶ 17-22.)  Therefore, accepting the facts alleged by Maloney as true and construing all reasonable inferences in his favor, the court denies CSX's motion to dismiss insofar as the legal feasibility of Maloney's claim is concerned.

## C. Timeliness

"Dismissal under [Rule] 12(b)(6) is appropriate when a defendant raises a statutory bar as an affirmative defense and it is clear from the face of the complaint and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law."  *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (internal quotation marks and citation omitted).

FELA's statute of limitations period is three years, which begins to run when the cause action accrues.  *See* 45 U.S.C. § 56.  Compliance with this statute of limitations is a "condition precedent" to recovery, whereby failure to file a timely suit "bars the claimant's remedy [and] destroys the employer's liability."  *Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112, 1117

11

(5th Cir. 1983) (citation omitted).  Accrual occurs when the injury becomes "manifest," *Urie v. Thompson*, 337 U.S. 163, 170 (1949), such that "the plaintiff in the exercise of reasonable diligence knows both the existence and the cause of his injury," *Mix v. Del. & Hudson Ry. Co.*, 345 F.3d 82, 86 (2d Cir. 2003) (internal quotation marks and citation omitted).  However, under this "discovery rule," the plaintiff is considered to be on notice when he "knows or should know that his injury is merely work-related," regardless of whether he knows the specific cause of the injury.  *Bruno v. Metro. Transp. Auth.*, 544 F. Supp.2d 393, 397 (S.D.N.Y. 2008) (internal quotation marks and citation omitted).  And while the "continuing violation" doctrine does not apply to FELA claims, a plaintiff may maintain a claim for "accumulation" if he can demonstrate that his initial symptoms were temporary and only became permanent upon their accumulation during the three-year period.  *See Mix*, 345 F.3d at 88-91.  In addition, a plaintiff can recover for injuries that are "sufficiently distinct from those previously suffered," or for "aggravation to existing injuries ... caused by a distinct act of negligence whose existence and relationship to the injury was unknown prior to the three-year period preceding the suit." *Id.* at 90.  Ultimately, the burden is on the plaintiff to allege and prove that his claim was brought

12

within the limitations period. *Carpenter v. Erie R.R. Co.*, 132 F.2d 362, 362 (3d Cir. 1942) (per curiam); *see also Emmons*, 701 F.2d at 1118.

Though Maloney's allegations as to accrual toe the line of plausibility, the court is satisfied that they are sufficient to survive CSX's motion to dismiss. Maloney alleges that he first became aware that his injuries were work-related sometime during or after August 2005. (*See* Compl. ¶ 24, Dkt. No. 1:4.) And in keeping with the Portsmouth Circuit Court's August 3, 2009 Order, the conditions of which Maloney fully complied with, the court will treat July 14, 2008—the date Maloney initially filed his claim in the Portsmouth Circuit Court—as the operative date for limitations purposes. (*See* Dkt. No. 1:5.) Therefore, on its face, Maloney's complaint adequately alleges that he commenced the present action within three years of the date the injuries he alleges accrued. Accordingly, at this early juncture, CSX's motion to dismiss based on the statute of limitations is denied.

### D.  **Motion to Strike**

In limited situations, a party may move the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). To prevail on a motion to strike, a defendant must show, among other things, that allowing the

13

challenged allegations to stand would result in prejudice to the defendant. *Roe v. City of New York*, 151 F. Supp.2d 495, 510 (S.D.N.Y. 2001). Moreover, "it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (citations omitted). Thus, "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Id.* (citations omitted).

CSX seeks to strike paragraphs three, four, five, and six from Maloney's complaint. (*Compare* Def. Mem. of Law at 16-18, Dkt. No. 6:7, *with* Compl. ¶¶ 3-6, Dkt. No. 1:4.) However, CSX's belief that these paragraphs "suggest" that FELA is a strict liability statute or proffer otherwise inaccurate legal conclusions is not a sufficient basis for the court's intervention. And while CSX correctly points out that references to workers' compensation are generally prohibited at trial in the presence of a jury,[3] the court is unable at this preliminary stage to conclude that the assertion at paragraph four that railroad workers "are not eligible for state workers' compensation" is prejudicial in the attenuated manner CSX

---

[3] *See, e.g.*, *Stillman v. Norfolk & W. Ry. Co.*, 811 F.2d 834, 838 (4th Cir. 1987); *Weinell v. McKeesport Connecting R.R. Co.*, 411 F.2d 510, 512 (3d Cir. 1969); *Kodack v. Long Island R.R. Co.*, 342 F.2d 244, 247 (2d Cir. 1965).

imagines. Accordingly, CSX's motion to strike certain paragraphs from Maloney's complaint is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that CSX's motion to dismiss (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED** that CSX's motion to strike is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 24, 2010
Albany, New York

*Gary L. Sharpe*
United States District Court Judge